**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **NO.: CR 06-006-01S** |
| | : | |
| **LUIS TREJO-MARISCAL** | : | |

**MOTION FOR DOWNWARD DEPARTURE FROM SUGGESTED GUIDELINE SENTENCING RANGE**

Now comes the Attorney for Luis Trejo-Mariscal in the above-entitled matter and hereby moves this Honorable Court to downwardly depart from the suggested Guideline Sentencing Range. In support of this Motion, counsel argues that the suggested guideline range is too harsh as applied to the facts of the instant case and fails to do individual justice to this defendant.

In further support of this Motion, counsel relies upon the reasoning as set forth in the attached Memorandum of Law.

Wherefore, in light of the foregoing, counsel respectfully prays that his Motion to Postpone Sentencing be granted.

Respectfully submitted,
Luis Trejo-Mariscal,
By his Attorney,

Scott A. Lutes (#3502)
127 Dorrance Street - 2nd Floor
Providence, Rhode Island 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**CERTIFICATION**

I, the undersigned, do hereby certify that I ~~mailed~~ hand-delivered a true and accurate copy of the within by regular postage pre-paid mail to Zechariah Chafee, Assistant United States Attorney, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903 on the 21st day of July, 2006.

______________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **NO.: CR 06-006-01S** |
| | : | |
| **LUIS TREJO-MARISCAL** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE FROM SUGGESTED GUIDELINE SENTENCING RANGE

**Background:**

Luis Trejo-Mariscal was born in Tampico, Mexico in 1975. He came to the United States at the age of 4 or 5 years old. His parents legally came to the United States with Luis and his seven siblings, when his oldest brother, Josue was murdered. The Trejo-Mariscal family was very poor and Luis endured a very difficult childhood as is partly detailed in the Pre-Sentence Report prepared by the U.S. Department of Probation. Mr. Trejo-Mariscal relates that he began working in the fields harvesting vegetables with his parents at the age of 8.

In 1994, Luis Trejo-Mariscal was convicted in Virginia of Distribution of Marijuana. He was 19 years of age. He had no juvenile contacts nor did he have any prior adult criminal offenses. In 2000, after serving 6 years in jail he was deported to Mexico, his country of birth.

Since he was so young when he came to the United States and had been educated in American schools, Mr. Trejo did not even speak Spanish when he was deported. He had no family and knew nobody in Mexico.[1] Arriving in Mexico in 1997, he had no money and no place to live. He relates that he lived on the streets and ate from garbage

cans to survive. He was severely beaten and robbed and almost died. He recovered in a Red Cross hospital. Upon his release from the hospital he lived on the streets and begged for money to live, until he was taken in by a woman named Claudia with whom he started a relationship. He earned some money shining shoes. He then became a waiter and later an English teacher. Eventually, his relationship with Claudia deteriorated when she went to live with another man. Again homeless and lonely, he decided to return to the only home he has ever known, the United States.

Mr. Trejo-Mariscal walked across the border at Brownsville, Texas in 2000. He reports being asked for his name and social security number several times at the border crossing. He was allowed to enter.

Once back in the United States, he moved to Virginia where most of his family lives. He became an offshore scallop fisherman and worked in that capacity for the next 5 years, until the very moment of his arrest on a fishing boat in Newport, Rhode Island. Offshore fishing is very difficult, dangerous work, performed in all kinds of inclement and hostile weather. But with his earnings Mr. Trejo-Mariscal was able to support himself and his now wife, Kathy, and their two children.

Since his return to the United States Mr. Trejo-Mariscal has never been arrested and has always been gainfully employed. He has tried to legalize his status in this country. He reports consulting with an attorney in Richmond, Virginia, named Elliot Norman, to see if there was a way to legalize his status in this country. Though he admits that the attorney told him there was not, he reports that he was told that if he was caught in this country, the only penalty he would receive would be to be re-deported. Given his

[1] All of Mr. Trejo-Mariscal's family members remained in the United States and *all* have become naturalized United States citizens.

family and employment situation, Mr. Trejo-Mariscal decided to take his chances with the Immigration authorities. Mr. Trejo-Mariscal also recently hired an immigration attorney in Louisiana, Tracy Davenport, to help him vacate his Deportation Order, as it is her opinion that he should have been eligible for discretionary waiver proceedings under the law as it existed in 1997. [2]

Mr. Trejo-Mariscal has two beautiful children with his now wife, Kathy. Both his wife and two children are U.S. Citizens. His wife and family remain supportive of him. Upon the defendant's release, his wife and children plan to re-locate to Mexico with him and perhaps become involved with a Christian mission project. The defendant enjoys the love and support of his family, friends, employer and church. Letters of support and recommendation are attached to this Memorandum and are being supplied to the Department of Probation.

**Argument:**

The Suggested Guideline Sentencing Range Is Too Harsh

As the Court is well aware, after the recent Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines have become essentially "advisory".

The U. S. Department of Probation has correctly determined under the Guidelines that Mr. Trejo-Mariscal has a base offense level of 8 for Unlawfully Entering the United States pursuant to §2L1.2. This results in 0-6 months incarceration.

The Specific Offense Characteristic adjustment adds *16 offense levels* to the computation since he has a conviction for Distribution of Marijuana when he was 19

[2] Unfortunately, counsel was recently informed that the Board of Immigration Appeals had denied his request to reopen his Deportation case.

years old. Defendant's conviction in Virginia was for an offense involving more than five pounds of Marijuana. Defendant informs counsel that the quantity of marijuana for which he was held responsible was 150 pounds. Defendant admits that he pled to the charge, but denies that he was guilty of it. He claims he pled to the charge to help out his two older brothers who were actually caught with the marijuana. His brothers were married with children. The defendant was single with no children. He was told that he wouldn't do much time in jail and deportation was never mentioned. His brothers had private attorneys who took the cases to trial and won by blaming the defendant. These brothers later became naturalized U.S. Citizens.

If the Virginia case had been charge federally, under the Guidelines, the defendant would have been a level 22, would have received a 3 level reduction for acceptance of responsibility and had a Guideline Sentencing Range of 30-37 as a criminal history category I. This would have resulted in a sentence of less than half of what he received in state court.

Though the Virginia conviction is his only one criminal contact, he is additionally penalized in this case as a criminal history category II, primarily because of the length of his prior sentence. Ironically, the reasoning becomes, because he received an extraordinarily harsh sentence the one and only time he was convicted, he should be treated more harshly again.

*The Proposed Guidelines Sentence Fails to do Individual Justice to This Defendant*

Based upon the individual circumstances of this defendant and the facts of the instant case, the proposed Guidelines Sentence results in a miscarriage of justice.

Mr. Trejo-Mariscal came to the United States at a very early age and considered himself an American. He was deported to a country where he couldn't speak the language and knew no one. He only returned to the United States out of desperation and loneliness. He did not commit any new offenses. He has a documented history of hard work and providing for his family. He sought out the advice of an attorney to see if he could legalize his status in this country. He has hired an attorney to try to re-open his prior deportation case. All members of his family of origin are now U.S. Citizens. His wife is a U.S. Citizen, as are his two children. Prior to being picked up on the fishing boat in Newport, he has been arrested only once in his life. He has an unusual amount of family and community support.

*His Offense of Conviction Allows for Probation, the Guidelines Do Not*

Pursuant to Title 18 U.S.C. § 3571, the defendant is **eligible for probation.** Probation is only precluded because the *Guidelines* rank the proposed sentence of 41-51 months in Zone D of the Sentencing Table thereby prohibiting probation. Counsel contends that since application of the Guidelines is not mandatory, this Court is not bound by that consideration. But since defendant has already served 7 months pending sentencing, individual justice can be done in this case by sentencing the defendant to 7 months of incarceration, and the maximum term of Supervised Release for a Class C felony, 3 years. The defense has no quarrel with a condition of Supervised Release being deportation.

*Even the Guidelines Contemplate Situations Outside the "Heartland" of Sentences*

Section 5K2.0 authorizes the sentencing court to "impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an

aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described'."

Defense counsel submits that Mr. Trejo-Mariscal's case poses an unusual circumstance, not adequately addressed by the Guidelines, that justifies the Court's departure from the otherwise recommended sentence.

Over-representation of his criminal history category is an example. An extraordinarily harsh sentence as a first time offender for a *marijuana conviction*, may be an additional ground.

Another way to conceptualize this is to subtract the extra 35-42 months of extra incarceration he served in the Virginia sentence from the amount of time he would have served if he had been prosecuted federally, from the time he is now facing under the Guidelines. In other words, subtract 35-42 months (the difference between what he received, 72 months, and what he might have received, 30-37) from the 41-51 months he is now facing. This results in a sentence of 6-9 months.

Certainly the fact that all of the defendant's family members, including both parents, 7 siblings, his wife and two children are all U.S. Citizens, is an unusual factor and certainly militates towards a harsher sentence than other deported aliens who are customarily shipped back to a country where all of their family and friends live.

Mr. Trejo-Mariscal will not return to the United States in the future since he now realizes how serious his obligation to remain outside the United States is, and he enjoys a secure family life.

Respectfully submitted,
Luis Trejo-Mariscal,
By his Attorney,

Scott A. Lutes (#3502)
127 Dorrance Street - 2nd Floor
Providence, Rhode Island 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**CERTIFICATION**

I, the undersigned, do hereby certify that ~~I mailed~~ hand delivered a true and accurate copy of the within by regular postage pre-paid mail to Zechariah Chafee, Assistant United States Attorney, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903 on the 21st day of July, 2006.