IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR.NO.06-006S |
| | : | |
| LUIS TREJO-MARISCAL | : | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION FOR A DOWNWARD DEPARTURE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to the defendant's Motion for a Downward Departure for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 27th day of February, 2006, I faxed a true copy of the Government's Objection to Defendant's Motion for a Downward Departure by ordinary mail and postage prepaid, to:

Scott A. Lutes, Esq.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Paula Hawsey

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR.No. 06-006S** |
| | ) | |
| | ) | |
| **LUIS TREJO-MARISCAL** | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Defendant has argued a hybrid of Booker and the guidelines in his motion for a downward departure. First, on page 5 of his brief he says the guidelines are advisory, not mandatory, and thus, he argues, the Court should consider a sentence of probation for defendant even though the guidelines do not permit such a sentence.

However, defendant then goes on to argue that under the guidelines his case falls outside the heartland of cases which the applicable guideline range covers. He argues that there are "mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

Defendant contends that because of a severe Virginia

sentence his criminal history over-represents his true situation. The government does not see it that way. Defendant received a ten year sentence for possessing with intent to distribute over five pounds of marijuana. (Defendant says it was actually 150 pounds). However, the sentence was suspended conditioned on 20 years of good behavior and two years of probation, according to the PSR. It appears that defendant served at the most about 6 months in jail. (Date of arrest 7/13/94 - date of sentence imposed 1/25/95). So defendant received not a severe sentence from the Virginia court, but a lenient sentence of actual incarceration. The government does not see defendant's argument that his Virginia sentence was unduly harsh and thus unrealistically distorts the guideline calculation in the instant case, especially since defendant committed the instant crime while under the period of the suspended sentence.

Defendant also contends that he took responsibility for the drug crime that he did not commit in order to spare his married brothers. The government finds this contention far-fetched and without any demonstrated substance.

Although the argument is not developed, defendant describes his hardships following his deportation and apparently seeks to justify his return to the U.S. Whether defendant's account is accurate or exaggerated, we do not know. But deportation is a hardship for many of those returned to their country of citizenship, and does not justify a return to the U.S. or give

rise to mitigating circumstances outside the heartland of cases considered in formulating the guidelines.

Defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 27th day of July, 2006, I faxed a true copy of the Government's Memorandum In Support of It's Objection to Defendant's Motion for a Downward Departure to:

Scott A. Lutes, Esq.
127 Dorrance Street, 2nd Floor
Providence, RI 02903